IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00800–RMR–MDB

PHONEVILAY THETSY,

    Plaintiff,

v.

PABLO ALEJANDRO LOYA RUIZ,
LOYA STUCCO, and
DOES 1 through 50, inclusive,

    Defendants.

## ORDER

    This matter is before the Court on the "Plaintiff's Motion for Leave to Serve Summons and Complaint by Substituted Service." (Doc. No. 10.) In the Motion, Plaintiff asks for permission to attempt substituted service of Defendant Pablo Alejandro Loya Ruiz ["Mr. Ruiz"] and Mr. Ruiz's sole proprietorship, Defendant Loya Stucco ["Loya Stucco"], pursuant to Colorado Rule of Civil Procedure 4(f). For the following reasons, the Motion is **DENIED without prejudice**.

    On March 30, 2023, Plaintiff commenced this federal diversity action against Mr. Ruiz, Loya Stucco, and Does 1-50, asserting claims for breach of contract, fraud, and misrepresentation. (Doc. No. 2.) The Clerk of Court issued a summons as to the two named Defendants that same day. (Doc. No. 5.) Plaintiff, through the Alamosa County Sheriff's Office,

thereafter attempted to personally serve the summons and complaint on Mr. Ruiz and Loya Stucco, on four separate occasions, at the address registered for Loya Stucco on the Colorado Secretary of State website, 1402 State Avenue, Alamosa, CO 81101. (Doc. No. 10 at 4.) None of those attempts proved successful. (*Id.* at 4, 6.)  Plaintiff now moves this Court for permission to effectuate substituted service of Mr. Ruiz and Loya Stucco under Colorado Rule of Civil Procedure 4(f). (*Id.* at 1.)

Federal Rule of Civil Procedure 4(e), which governs service of individuals,[1] provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado, the forum state here, authorizes service of a natural person above the age of eighteen as follows: (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human

---

[1] As a sole proprietorship, Defendant Loya Stucco "has no legal existence apart from its owner." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Accordingly, Rule 4(e) governs service of both Mr. Ruiz and Loya Stucco.

resources representative or managing agent;" or (3) "by delivering a copy to a person authorized by appointment or by law to receive service of process." Colo. R. Civ. P. 4(e)(1). In addition, Colorado Rule of Civil Procedure 4(f) allows for substituted service, as an alternative to personal service, under the following circumstances:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f); *accord Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1239 (Colo. 2012). The Colorado Supreme Court has made clear that "the completion and validity of service" under Colorado Rule 4(f) "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant." *Willhite*, 274 P.3d at 1240 ("If process is never delivered to the substituted person, service can never be valid and complete under [Colorado Rule] 4(f).").

Here, Plaintiff seeks leave to pursue substituted service of Mr. Ruiz and Loya Stucco, in accordance with Colorado Rule 4(f), by the following method: "1. Posting a copy of the summons, complaint and related papers on his residence door, along with a copy of this Court's

3

order allowing for substitute service on Defendants['] 1402 State Ave address and 2. Mailing a copy of said papers to the same address." (Doc. No. 10 at 3.) In making that request, Plaintiff's attorney, Andy Yang, avers that Plaintiff "frequently met with the Defendant [at] the 1402 State Avenue [address], in the year of 2022," and that Plaintiff "witnessed the Defendant residing [at] the 1402 State Avenue [address] during off-work hours." (*Id.* at 4 ¶ 5.) Plaintiff reports that, on March 30, 2023, "the Defendant's sub-contractor at the State Ave address stated the Defendant will be on location in several hours, but the Defendant was not to be found." (*Id.* at 2.) Plaintiff reports that, to the best of their knowledge, Mr. Ruiz "d[oes] not employ a secretary, supervisor, assistant, nor does a family member reside on the State Ave address." (*Id.* at 1-2.) Plaintiff argues that the Alamosa County Sheriff's Office's failure to effect service of Defendants, over a ten-day period from April 4, 2023 to April 14, 2023, "on four occasions, on different dates and times of day," strongly suggests that Mr. Ruiz is "intentionally evading service of summons." (*Id.* at 3.) However, after carefully reviewing Plaintiff's Motion, including the supporting declaration submitted by Plaintiff's attorney, the Court finds Plaintiff has not quite met the burden of demonstrating sufficient "due diligence" in attempting to effect personal service, and establishing that further attempts "would be to no avail." Colo. R. Civ. P. 4(f).

The present Motion states that Plaintiff has attempted to serve Mr. Ruiz and Loya Stucco, by way of the Alamosa County Sheriff's Office, on four separate occasions at Loya Stucco's registered business address, 1402 State Avenue, "with no avail." (Doc. No. 10 at 2.) However, Plaintiff provides no factual allegations concerning the precise manner in which service was attempted, when specifically those attempts were made, or why those attempts were unsuccessful. Indeed, the Sheriff's Return Failure of Service, which is appended to the Motion,

states only that "4 attempts" at service were made at that address, and that Defendants' location was "unknown." (*Id.* at 6.) While Plaintiff appears to suggest that Mr. Ruiz resides at 1402 State Avenue, there are no factual allegations to show that Mr. Ruiz resides there exclusively, or even primarily. Given the minimal information offered by Plaintiff regarding the attempts to personally serve Mr. Ruiz and Loya Stucco at 1402 State Avenue, Alamosa, CO 81101, it may be possible that: (1) Mr. Ruiz is actively evading service attempts at 1402 State Avenue; (2) Mr. Ruiz has simply not been physically present at 1402 State Avenue at the times that service has been attempted at that location; or (3) the property is vacant. Without additional facts concerning the service attempts already made at 1402 State Avenue, the Court cannot say whether Plaintiff has used diligent efforts to serve Defendants there, or that future attempts to effect personal service of Defendants would be futile. The Court, therefore, declines to find that substituted service is appropriate at this time. *See Colony Ins. Co. v. Bristlecone Montessori Sch.*, No. 20-cv-01269-CMA-STV, 2021 WL 50893, at *3 (D. Colo. Jan. 5, 2021) (declining to permit substituted service, where the plaintiff failed to provide adequate information from which to determine whether the defendant was "avoiding service, rather than simply not at home at the times service was attempted"); *Allstate Ins. Co. v. Cruz*, No. 1:20-cv-03139-DDD-MEH, 2020 WL 7421389, at *2 (D. Colo. Nov. 18, 2020) (finding that a plaintiff failed to satisfy Colorado Rule 4(f)'s due diligence requirements, where it was "unclear what exactly [the plaintiff] did to attempt to effectuate service" of the defendant prior to seeking substituted service).

Further, even assuming the due diligence and futility requirements were met, the substituted method of service proposed by Plaintiff, *i.e.,* via "[p]osting a copy of the summons, complaint and related papers on [the] door" at 1402 State Avenue and "[m]ailing a copy of said

5

papers to the same address," does not comply with Colorado Rule 4(f). (Doc. No. 10 at 3.) Rather, substituted service must be effected by hand delivery to a substituted person, given that this case does not involve "specific property or status or other proceedings in rem." *See* Colo. R. Civ. P. 4(g) (stating that service by mail "shall be allowed only in actions affecting specific property or status or other proceedings in rem"); *Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. App. 2020) (holding that "hand delivery to the substituted person is required" under Colorado Rule 4(f)). Here, Plaintiff has failed to identify *any* proposed individual upon whom substituted service would be made, much less one who is "appropriate under the circumstances and reasonably calculated to give actual notice" to Defendants. Colo. R. Civ. P. 4(f); *see Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) (concluding that Colorado Rule 4(f) is not satisfied merely by alleging that the designated person for substituted service will notify the party to be served of the suit, but rather by demonstrating through evidence that the designated person is "reasonably calculated to give actual notice" of the suit to the defendant).

On this record, then, Plaintiff has failed to meet their burden under Colorado Rule 4(f) to show that diligent efforts have been made to personally serve Mr. Ruiz and Loya Stucco, that further attempts to do so are unlikely to be successful, or that substituted service of a particular individual "is appropriate under the circumstances and reasonably calculated to give actual notice" to Defendants regarding this lawsuit.

Accordingly, it is

**ORDERED** that the "Plaintiff's Motion for Leave to Serve Summons and Complaint by Substituted Service" (Doc. No. 10) is **DENIED without prejudice**. It is further

6

**ORDERED** that Plaintiff shall effect personal service of Defendants Pablo Alejandro Loya Ruiz and Loya Stucco, in accordance with Federal Rule of Civil Procedure 4, and provide proof of such service to the Court, on or before **June 30, 2023**.

DATED: May 15, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge